FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 25, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CALEB L.,[1] <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[2] <br><br> Defendant. | No. 2:23-CV-00200-RHW <br><br> **ORDER GRANTING PLAINTIFF'S MOTION AND REMANDING THE MATTER FOR FURTHER PROCEEDINGS** <br><br> **ECF Nos. 11, 13** |

Before the Court are Plaintiff's Amended Opening Brief and the Commissioner of Social Security's Brief in response, which have been entered on the docket as motions. ECF Nos. 11, 13. Attorney Asa LaMusga represents Plaintiff; Special Assistant United States Attorney David J. Burdett represents the

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley, Commissioner of Social Security, is substituted as the named Defendant.

ORDER GRANTING PLAINTIFF'S MOTION - 1

Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion, ECF No. 11, **DENIES** Defendant's Motion, ECF No. 13, and the decision of the Commissioner is **REVERSED** and remanded for further proceedings.

## JURISDICTION

Plaintiff filed an application for Child's Disability Insurance Benefits on August 23, 2004 and filed an application for Supplemental Security Income on February 1, 2019, alleging amended onset of disability since February 13, 2019. Tr. 84, 95, 211-25, 523. Administrative Law Judge (ALJ) Jesse K. Shumway held a hearing on September 9, 2020, Tr. 38-67, and issued an unfavorable decision on October 23, 2020. Tr. 12-30. The Appeals Council denied Plaintiff's request for review. Tr. 1-6. Plaintiff filed an action in the Eastern District of Washington and on December 27, 2021, the Court granted the parties' stipulated motion for remand, reversing and remanding the claim for further proceedings. Tr. 545-47. In May 2022, the Appeals Council vacated the ALJ's decision and remanded the claim to the ALJ. Tr. 557-59.[3]

ALJ Shumway held a remand hearing on August 25, 2022, Tr. 484-19, and issued another unfavorable decision on September 9, 2022. Tr. 464-83. The

---

[3] The Appeals Council noted Plaintiff filed a subsequent claim for Title II and Title XVI benefits in July 2021 and that the remanded claim rendered the subsequent

ORDER GRANTING PLAINTIFF'S MOTION - 2

Appeals Council did not assume jurisdiction of the case, and the ALJ's September 2022 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 17, 2023. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational

---

claims duplicate. Tr. 559. The Appeals Council ordered the ALJ to consolidate the claim files, associate the evidence, and issue a new decision on the consolidated claims. *Id*.

ORDER GRANTING PLAINTIFF'S MOTION - 3

1  interpretation, the Court may not substitute its judgment for that of the ALJ.

2  *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595,

3  599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or

4  if conflicting evidence supports a finding of either disability or non-disability, the

5  ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230

6  (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be

7  set aside if the proper legal standards were not applied in weighing the evidence

8  and making the decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d

9  432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four the claimant bears the burden of establishing a prima facie case of disability.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy

1  which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir.
2  1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot
3  make an adjustment to other work in the national economy, the claimant will be
4  found disabled. 20 C.F.R. § 404.1520(a)(4)(v), 416.920(a)(4)(v).

## STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and only briefly summarized here. Plaintiff was born in 2001 and was 18 years old on the amended alleged onset date. Tr. 23. Plaintiff's diagnoses include borderline intellectual functioning, ADHD, and autism spectrum disorder. *See, e.g.*, Tr. 18, 77, 330, 354-56. He was homeschooled and does not have a high school diploma. Tr. 328, 342. His employment has consisted of part-time work as a custodian/janitor on Fairchild Airforce Base for non-profit agency, SkilsKin, through the AbilityOne Program, a federal program and organization that helps individuals with disabilities find employment. *See, e.g.*, Tr. 18, 62-65, 311, 342, 766, 807-09, 813-14, 851-61.

## CHILD'S DISABILITY INSURANCE BENEFITS

Title II of the Social Security Act provides disabled child's insurance benefits based on the earnings record of an insured person who is entitled to old-age or disability benefits or has died. 42 U.S.C. § 402(d); 20 C.F.R. § 404.350(a). The same definition of "disability" and five-step sequential evaluation outlined

above governs eligibility for disabled child's insurance benefits.  *See* 42 U.S.C. § 423(d); 20 C.F.R. § 404.1520(a)(1)-(2).  In addition, in order to qualify for disabled child's insurance benefits several criteria must be met.  20 C.F.R. § 404.350(a)(1)-(5).  As relevant here, if the claimant is over 18, the claimant must "have a disability that began before [he] became 22 years old."  20 C.F.R. § 404.350(a)(5).

## ADMINISTRATIVE DECISION

On September 9, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 464-83.

The ALJ found Plaintiff was born on February 13, 2001, and had not attained age 22 as of February 13, 2019, the amended alleged onset date.  Tr. 470.

At step one, the ALJ found Plaintiff had engaged in substantial gainful activity during the period at issue, and that there had been no continuous 12-month period since the amended alleged onset date in which Plaintiff had not performed substantial gainful activity.  Tr. 470-74.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from February 13, 2019, the amended alleged onset date, through the date of the decision.  Tr. 474.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability benefits under Title II and Title XVI of the Social Security Act. The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. The sole issue Plaintiff raises for review is whether the ALJ conducted a proper step-one analysis. ECF No. 11 at 2.

## DISCUSSION

Plaintiff contends the ALJ erred in finding Plaintiff's employment constituted substantial gainful activity. ECF No. 11 at 13-18. At step one of the sequential evaluation process, the ALJ considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the ALJ must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b). "Substantial gainful activity is work done for pay or profit that involves significant mental or physical activities." *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001). Earnings over the amount specified in statutory guidelines creates the presumption of substantial gainful activity (SGA). *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990); *see* 20 C.F.R. § 404.1574. The presumption is rebuttable based on analysis of five factors: (1) the nature of Plaintiff's work, (2) Plaintiff's performance, (3) special conditions under which work was performed, (4) whether Plaintiff was self-employed, and (5) the amount

of time that Plaintiff was able to spend working. 20 C.F.R. §§ 404.1573, 416.973; see also *Katz v. Sec'y of Health and Human Servs.*, 972 F.2d 290, 293 (9th Cir. 1992).

In terms of the third factor, special conditions under which the work was performed, the regulations provide:

> the work you are doing may be done under special conditions that take into account your impairment, such as work done in a sheltered workshop . . . if your work is done under special conditions, we may find that it does not show that you have the ability to do [SGA]. However, work done under special conditions may show that you have the necessary skills and ability to work at the [SGA] level.

20 C.F.R. §§ 404.1573(c), 416.973(c). This section lists six examples of special conditions relating to a claimant's impairment: (1) Plaintiff required and received special assistance from other employees in performing work; (2) Plaintiff was allowed to work irregular hours or take frequent rest periods; (3) Plaintiff was provided with special equipment or was assigned work especially suited to his impairment; (4) Plaintiff was able to work only because of specially arranged circumstances, for example, other persons helped him prepare for or get to and from work; (5) Plaintiff was permitted to work at a lower standard of productivity or efficiency than other employees; or (6) Plaintiff was given the opportunity to work, despite his impairment, because of family relationship, past association with employer, or the employers concern for his welfare. 20 C.F.R. §§ 404.1573, 416.973. Relatively minor accommodations by an employer do not constitute

ORDER GRANTING PLAINTIFF'S MOTION - 8

special conditions, and to establish work under special conditions, a claimant must show that his "work environment was the equivalent of a sheltered workshop." *Katz*, 972 F.2d at 294.

The ALJ found that Plaintiff engaged in SGA during the period at issue; that his work did not constitute an unsuccessful work attempt and was not sheltered or subsidized employment; and that Plaintiff failed to rebut the presumption of SGA. Tr. 470-74.  Plaintiff contends this was error.  Plaintiff claims: (1) the ALJ's finding Plaintiff was performing within or very close to competitive norms was not supported by substantial evidence; (2) the ALJ misunderstood the vocational expert testimony at the most recent hearing, as a prior vocational expert who was familiar with Plaintiff's employment testified it was sheltered; and (3) the ALJ failed to consider other special conditions that indicate Plaintiff's work is sheltered or done under special circumstances, including the testimony of Plaintiff's mother, the medical opinion of Dr. Campbell, and the statement of Plaintiff's project manager at work.  ECF No. 11 at 15-18.  Defendant contends that substantial evidence supports the ALJ's determination and Plaintiff failed to rebut the presumption that he engaged in SGA.  ECF No. 13 at 2-10.

The Court finds that the ALJ's findings are not supported by substantial evidence and the ALJ erred in failing to develop the record.  As determined by the ALJ, records show plaintiff's earnings raise a presumption of SGA level

employment during some of the period at issue. Tr. 470-71. The ALJ, however, failed to properly consider special conditions relating to plaintiff's employment or the evidence as a whole in concluding that Plaintiff did not rebut the presumption of SGA. The record shows Plaintiff's job may not have involved SGA because Plaintiff worked in a sheltered workshop or similar environment under special conditions that accommodated his impairments. At the first hearing the vocational expert testified that the organization employing Plaintiff provides a sheltered workshop. ECF No. 11 at 10; *see* Tr. 62-64.

In addition, this Court's 2021 remand order and the 2022 Appeals Council remand order both instructed the ALJ to reconsider the opinion evidence as well as Plaintiff's testimony, particularly as these related to Plaintiff's work activity and ability to maintain competitive employment. Tr. 546, 557-59. The May 2022 Appeals Council order found that the ALJ did not provide an adequate evaluation of the medical opinions and Plaintiff's symptom claims related to Plaintiff's employment and instructed the ALJ to further consider the medical and other opinion evidence, as well as Plaintiff's symptom claims. Tr. 557-59. Instead of reassessing the evidence as instructed, however, the ALJ concluded that the Plaintiff's "earnings since the previous hearing render moot the issues raised in the remand order" and that because of the step one findings "the remaining issues in the remand order cannot be addressed." Tr. 470. The ALJ failed to properly

assess evidence relevant to the step one analysis, however, including evidence related to Plaintiff's work activity and ability to maintain competitive employment as ordered by this Court. Accordingly, the ALJ's analysis is insufficient.

The ALJ also concluded that "the evidence was insufficient to demonstrate that the Plaintiff's earnings are subsidized at all," because the ALJ could not verify a subsidy from Plaintiff's employer. Tr. 472. The ALJ referenced Agency guidance, specifically Social Security Ruling (SSR) 83-33, *Title II and XVI: Determining Whether Work is Substantial Gainful Activity – Employees*, but failed to assess, for example, any of the "circumstances indicating the strong possibility of a subsidy," including analysis of whether Plaintiff's employment was sheltered, involvement of childhood disability and/or mental impairments, the nature and severity of Plaintiff's impairments, and whether Plaintiff was involved in a government-sponsored job training or employment program. SSR 83-33, *available at* 1983 WL 31255 (1983) at *4. Despite evidence of record showing most/all of these factors, the ALJ concluded that Plaintiff's employment did not include a subsidy and did not constitute sheltered employment with limited to no analysis or use of the tests within the Agency guidance he cited.[4] Tr. 472-74.

---

[4] Sheltered employment is "employment provided for handicapped individuals in a protected environment under an institutional program." SSR 83-33 at *7.

ORDER GRANTING PLAINTIFF'S MOTION - 11

Additionally, the ALJ has an independent duty to develop the record fully and fairly in order to make a fair determination as to disability, even where, as here, the claimant is represented by counsel. *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003); *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1995). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *See Tonapetyan*, 242 F.3d at 1150 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). Upon finding the record insufficient, the ALJ had a duty to develop the record and failed to do so. The ALJ had information from Plaintiff's employer, as well as vocational expert testimony from a prior hearing indicating that the organization that employed Plaintiff provided sheltered employment for people with disabilities, yet the ALJ failed to address these in the decision beyond noting that "supervisors at his job confirmed his employment, and they provided comments about the [Plaintiff's] job duties and 'supports.'" Tr. 471 (citing Tr. 807-90, 813-16, 850-61). Review of the exhibits cited by the ALJ, however, shows documentation including annual "Individual Eligibility Evaluations" dated 2019, 2020, and July 2022, which indicated Plaintiff was not capable of competitive employment at that time and detailed functional limitations in communication, self-care, self-direction, work tolerance, and work skills, along

ORDER GRANTING PLAINTIFF'S MOTION - 12

1   with a list of accommodations provided to Plaintiff for each limitation.  Tr. 807-09.

2   Other documentation includes a 2022 letter from program staff, Ms. Garcia, that

3   described Plaintiff's job, indicated Plaintiff had a "supervisor who specializes in

4   working with individuals with disabilities," and explained some of Plaintiff's

5   limitations and accommodations.  Tr. 813-14.  The ALJ discounted the

6   documentation and statements from Plaintiff's employer and concluded they were

7   "simply providing general employment information and impressions about the

8   claimant's functional abilities."  Tr. 472.  This is not an accurate characterization

9   of the evidence.

10        Review of the 2022 hearing testimony also shows that the vocational expert

11  at the remand hearing was not provided recent documentation, including Ms.

12  Garcia's statement, which was admitted at the 2022 hearing.  Tr. 488, 516-17.

13  While this vocational expert testified that he was not familiar with the organization

14  that employed Plaintiff, he also testified the work sounded "more like an

15  accommodation, like you'd find jobs through a workshop or something like that."

16  Tr. 508, 513.  The ALJ failed to assess relevant evidence and/or to further develop

17  the record concerning special conditions of employment before denying the claim

18  at step one, and the ALJ's findings are not supported by substantial evidence.

19        The ALJ failed to perform an adequate step one analysis, including

20  assessment of whether the evidence of special conditions/sheltered work rebutted

ORDER GRANTING PLAINTIFF'S MOTION - 13

the presumption that Plaintiff's work was SGA; and the ALJ failed to properly develop the record. Accordingly, the ALJ's findings are not supported by substantial evidence. On remand the ALJ will reperform the sequential analysis, including the step one analysis.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and not free of harmful legal error. The Court finds further proceedings are necessary to develop the record in regard to Plaintiff's employment, as well as to revisit and follow this Order, the Court's December 2021 remand order and the subsequent Appeals Council order. The ALJ will further develop the record with medical expert testimony and/or a consultative exam to assist in determining Plaintiff's level of functioning. The ALJ is instructed to perform the sequential analysis anew, making new findings on each of the five steps of the sequential evaluation process, to reassess all opinion evidence, and to reassess plaintiff's subjective complaints, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

///

///

///

Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion, **ECF No. 11**, is **GRANTED**. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion, **ECF No. 13**, is **DENIED**.

3. Upon proper presentation, the Court will consider Plaintiff's application for fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

The District Court Executive is directed to update the docket sheet to reflect the substitution of Martin O'Malley as Defendant, enter this Order, **ENTER JUDGMENT** in favor of Plaintiff, forward copies to counsel, and **CLOSE THE FILE.**

DATED November 25, 2024.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION - 15